■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL BARKIEM RAHEEM, Also Known as ARAHEEM, Appellant. — Appeal by defendant from two judgments of the Supreme Court, Kings County (Broomer, J.), both rendered November 1, 1982, convicting him of burglary in the second degree (two counts), criminal possession of stolen property in the first degree, grand larceny in the second degree, and possession of burglar tools, upon his pleas of guilty, and imposing sentences. ¶ Judgments affirmed. ¶ We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO RENZULLI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered June 2, 1983, convicting him of two counts of grand larceny in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ Defendant was indicted for two counts of grand larceny in the second degree based upon charges that he cashed two bad checks in the sums of $4,300 and $3,200, respectively, in December, 1981. During trial, defense counsel moved for a ruling to determine whether the prosecutor would be permitted to inquire upon cross-examination into defendant's prior conviction which involved charges of issuing five bad checks. The trial court ruled that the prosecutor would be permitted to question defendant on the underlying facts of the conviction since the evidence was relevant on the issue of intent as well as credibility. Defendant did not testify at trial and was convicted of both counts of grand larceny in the second degree. On appeal, defendant argues, *inter alia,* that the trial court's ruling was improper and denied him a fair trial. We disagree. ¶ In the prosecution for a crime involving guilty knowledge and intent to defraud, evidence of defendant's prior criminal conduct, similar to that here involved, is admissible to negate the possibility of mistake and to establish that the defendant acted with the requisite intent (*People v Molineux,* 168 NY 264; *People v Schwartzman,* 24 NY2d 241; Richardson, Evidence [Prince, 10th ed], § 172, p 142). Accordingly, the trial court properly ruled that if defendant testified, the prosecutor would be permitted to inquire into the underlying facts of defendant's prior conviction for the purpose of impeaching his credibility as well as to establish that he acted with the requisite criminal intent. ¶ We further find that the trial court's "natural and probable consequences" charge on the issue of intent did not violate *Sandstrom v Montana* (442 US 510). The court instructed that the jury "may infer that a person intends that which is the natural and necessary and probable consequences of the act done by him". In addition, the court advised the jury that it should consider all of the facts and circumstances in determining whether defendant possessed the requisite criminal intent, and reminded the jury that "[t]he burden is on the People to prove the intent of the defendant beyond a reasonable doubt". In view thereof, it is clear that the court's charge on intent was proper (*People v Getch,* 50 NY2d 456; *People v Smith,* 87 AD2d 640). Gibbons, J. P., Bracken, Weinstein and Lawrence, JJ., concur.