■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PENNY J. ROSE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Montgomery County (White, J.), rendered July 1, 1983, upon a verdict convicting defendant of the crimes of murder in the second degree and burglary in the first degree.

During the morning of April 4, 1982, Judith Kayhart was fatally stabbed in her apartment in the Village of Fort Plain, Montgomery County. Defendant, who resided in the same apartment building as the victim, was questioned by the police and signed two statements wherein she admitted that she stabbed the victim. A search of defendant's apartment, which she consented to, uncovered a knife. Defendant was thereafter charged with murder in the second degree and burglary in the first degree. Defendant moved to suppress the signed confession and the knife on the ground that such evidence was the product of an unlawful seizure. County Court denied defendant's suppression motion, ruling that defendant voluntarily accompanied the police and that her confessions were not the result of any force, threats, promises or duress. The court also found that defendant voluntarily consented to a search of her apartment.

At trial, the evidence established that defendant had fought with the victim on the night of the murder, and, further, that defendant admitted that she struck the deceased on the head. Defendant was found guilty of both counts in the indictment and sentenced to concurrent terms of imprisonment of 20 years to life on the murder count and 6 to 18 years on the burglary count. This appeal by defendant ensued.

Initially, we reject defendant's argument that she was taken into custody without probable cause and that all evidence

obtained as a result of the illegal seizure should have been suppressed. At the suppression hearing, Sheriff Ronald Emery testified that upon arriving at the scene of the homicide, he identified himself to defendant, advised her that she was not under arrest and requested that she accompany him to the police station. According to Emery, she agreed. After they arrived at the police station, Emery was informed that defendant was a suspect in the case. He then decided not to proceed with questioning. Subsequently, Investigator Robert Peters of the Montgomery County Sheriff's Department read defendant her *Miranda* warnings and she agreed to answer questions without the aid of an attorney. Deputy Sheriff James Hutchinson proceeded to take defendant's statement wherein she admitted that she stabbed the victim four or five times with a hunting knife. During the questioning, defendant consented to a search of her apartment by signing a search and seizure waiver.

Defendant testified that she did not voluntarily accompany Emery to the police station and did not recall being read her *Miranda* warnings or being asked if she wanted an attorney. While defendant stated that she had a fistfight with the victim on the night of her death, she denied having stabbed her. She also claimed that she signed the statement in which she confessed to stabbing the victim only because Hutchinson told her to do so. Such proof only created questions of credibility which were for County Court to resolve. Therefore, we conclude that County Court properly ruled that the evidence in question was admissible. Further, we find defendant's reliance on *Dunaway v New York* (442 US 200) to support her contention that she was unlawfully seized by the police to be misplaced. In *Dunaway,* the Supreme Court found that the defendant had been unlawfully "seized" since he was involuntarily taken to the police station without probable cause *(id.).* Further, since there was no intervening event which broke the connection between the defendant's illegal detention and his confession, the court held that the confession had to be suppressed *(id.,* p 219). Here, it is clear that defendant voluntarily accompanied Emery to police headquarters *(see, People v Hopkins,* 86 AD2d 937, 938, *affd* 58 NY2d 1079). Under the facts herein, it is clear that a reasonable person, innocent of any crime, would not have thought that she was in custody had that person been in defendant's position *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Medvecky,* 95 AD2d 921, 922). We also conclude that since defendant acknowledged that she was not threatened or

coerced into signing a waiver and consent form, the search of her apartment was proper.

Next, we hold that County Court did not err in denying defendant's motion to prohibit the introduction of any evidence related to the victim's body, wounds or cause of death on the ground that the body had been cremated before the defense could conduct its own examination. While, generally, the prosecution has a duty to preserve and disclose evidence *(see, People v Kelly,* 62 NY2d 516, 520; *People v Saddy,* 84 AD2d 175, 178), the body of the victim in a homicide case is not listed among the discoverable items the prosecution must produce upon demand by a defendant *(see,* CPL 240.20 [1]). Moreover, defendant failed to explain why disclosure of this evidence was necessary. Her claim that such evidence might have produced exculpatory material is speculative *(see, People v Briggs,* 81 AD2d 1017). In light of defendant's confession and other evidence of her guilt, the evidence sought would have been of little or no value.

We also conclude that County Court properly allowed cross-examination of defendant regarding a 1977 perjury conviction. A *Sandoval* hearing was held concerning a 1979 perjury charge. Defendant failed to raise the 1977 conviction at that hearing. The burden is on a defendant to inform the court of prior misconduct which might unfairly affect the defendant as a witness in his/her own behalf *(People v Travison,* 59 AD2d 404, 409, *affd* 46 NY2d 758, *cert denied* 441 US 949; *People v Poole,* 52 AD2d 1010, 1011). Since defendant failed to raise her 1977 perjury conviction during the *Sandoval* hearing, she cannot now be heard to complain about its use to impeach her credibility.

We are also compelled to turn away defendant's contention that County Court erred in not charging the jury concerning defendant's purported alibi defense. Defendant concedes that she did not object to the court's failure to submit this issue to the jury. Moreover, defendant's own testimony precluded an alibi defense since defendant placed herself at the scene of the murder at the estimated time of the stabbing. Clearly, defendant did not have an alibi for the entire time period in which the murder could have occurred.

The remaining two points raised by defendant as error, i.e., that County Court improperly charged the jury on the issue of intent and that there was insufficient evidence to support defendant's conviction, require little comment. The charge made it clear that intent may be inferred, not only from

defendant's acts but also from the surrounding circumstances. These instructions were proper (see, People v Getch, 50 NY2d 456, 464-465; People v Renzulli, 100 AD2d 945; People v Barr, 75 AD2d 14, 16). With respect to the sufficiency of the evidence to support the conviction, we note that defendant signed two statements in which she admitted her guilt. These confessions were supported by the circumstantial evidence presented. The evidence showed that defendant and the victim had been fighting on the night of the murder. There was testimony that the victim's wounds could have been inflicted with the kind of knife found in defendant's apartment. Further, blood found on defendant's clothing was consistent with that of the victim. The evidence offered was sufficient to support defendant's conviction.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.