■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MILBAUER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered August 20, 1984, convicting him of criminal possession of a forged instrument in the second degree (two counts), grand larceny in the second degree (three counts), attempted grand larceny in the second degree, and scheme to defraud in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reversing the conviction of grand larceny in the second degree under count six of the indictment, dismissing that count, and vacating the sentence imposed thereon. As so modified, the judgment is affirmed.

In count six of the indictment the defendant was charged with stealing $4,330 from Gabriel Hirtenfeld, the president of a factoring service which did business with the defendant. The undisputed evidence established that in March 1983, the defendant received a $4,330 advance from Hirtenfeld upon the promise that he would use the money to pay his employees. Hirtenfeld testified that the defendant's payroll was not met and that the defendant's company went out of business. The defendant testified that he gave the money to his partner and that he believed the employees were paid.

Viewing the evidence in the light most favorable to the People, the defendant did not perform his promise to Hirtenfeld. However, this evidence is insufficient to sustain the defendant's conviction under count six of the indictment. "In any prosecution for larceny based upon a false promise, the defendant's intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not performed. Such a finding may be based only upon evidence establishing that the facts

and circumstances of the case are wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed" (Penal Law § 155.05 [2] [d]; *see, People v Perlstein,* 97 AD2d 482).

With respect to the defendant's contention regarding the court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371), we find that the court properly ruled that the prosecutor could inquire into the facts underlying the defendant's prior convictions for the purpose of impeaching his credibility *(see, People v Renzulli,* 100 AD2d 945). Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.