(March 28, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO ESTRADA, JR., Also Known as BUTCH ESTRADA, Also Known as ALEX ESTRADA, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered November 23, 1987, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, attempted criminal sale of a controlled substance in the third degree, criminal

possession of a hypodermic instrument and criminal injection of a narcotic drug.

Prior to trial, in response to defendant's motion *in limine,* a *Sandoval* hearing was held at which time County Court ruled that defendant could be cross-examined as to his conviction of a prior felony but prohibited the prosecution from inquiring into the underlying facts of the conviction which involved criminal possession of a controlled substance. At the trial, during cross-examination, defendant was asked whether he told an undercover police officer that he was going to buy an ounce of cocaine from Jose Carrero and that after the buy he would like to kill Carrero so that he could keep the cocaine and the money. He was further asked whether he told the undercover officer that he "had a couple 38's, two 45's and a sawed-off pump action shotgun". All of the questions were asked without objection and were answered by defendant with denials. Following a recess, counsel for defendant moved for a mistrial which was denied. On this appeal defendant contends that the prosecution should have advised County Court of its intention to question defendant concerning prior immoral conduct and uncharged crimes and that the cross-examination was unfairly prejudicial, thereby requiring reversal.

In support of his first contention, defendant relies on *People v Simpson* (109 AD2d 461, *appeal dismissed* 67 NY2d 1026). While the court in *Simpson* discussed the propriety of requiring the prosecution to reveal pretrial those prior immoral acts or uncharged crimes about which defendant will be cross-examined, the conviction was reversed because the cross-examination was unfairly prejudicial. Prior to the enactment of CPL 240.43, this court and others consistently held that, in order to obtain an advance ruling limiting the scope of cross-examination, the burden is on the defendant to apprise the court of any prior misconduct which might unfairly affect him as a witness *(e.g., People v Duffy,* 36 NY2d 258, 263, *amended* 36 NY2d 857, *cert denied* 423 US 861; *People v Rose,* 122 AD2d 484, 486; *People v Malphurs,* 111 AD2d 266, 269, *lv denied* 66 NY2d 616). That was concededly not done in the case at bar. Absent such an advance ruling, the prosecution was at liberty to cross-examine defendant concerning any immoral, vicious or criminal acts which had a bearing on his credibility as a witness, so long as the questions were asked in good faith and upon a reasonable basis in fact *(see, People v Kass,* 25 NY2d 123, 125-126). While the court did not inquire as to the basis of the questions, presumably because objection was not made at the time the questions were propounded, the prosecutor

nevertheless offered the basis for his questions at the time of the motion for a mistrial. The statement made by the prosecutor discloses a sufficient factual basis to support a good-faith belief by him that defendant made the statements attributable to him.

We now turn to defendant's contention that the cross-examination was so unfairly prejudicial as to require a reversal. The prosecutor asked a number of questions of defendant which were denied. The prosecutor did not persist in inquiry following denial, nor did he undertake to refute the denial by innuendo or proof of contradictory facts (see, People v Malkin, 250 NY 185, 198-199; People v Simpson, supra). The fact that the inquiries revolved around other alleged drug transactions is not sufficient to warrant reversal. As has been observed by the Court of Appeals, "questioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the crimes charged" (People v Pavao, 59 NY2d 282, 292).

Finally, defendant's contention that the prosecution impermissibly questioned defendant concerning the facts underlying his prior drug felony conviction in violation of County Court's Sandoval ruling is not supported by the record.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.