■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN L. GAUTREAUX-PEREZ, Appellant. [817 NYS2d 839]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered August 15, 2005. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the indictment as amended is dismissed and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting

her, following a nonjury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). We agree with defendant that the evidence is legally insufficient to establish her constructive possession of cocaine found by the police in a closed dresser drawer in a southeast bedroom of defendant's residence, i.e., they failed to establish that " 'defendant exercised "dominion or control" over the property by a sufficient level of control over the area in which the [drugs were] found' " (*People v Orta*, 184 AD2d 1052, 1053 [1992], quoting *People v Manini*, 79 NY2d 561, 573 [1992]). Here, the People presented evidence establishing only that defendant admitted that she lived at the residence. According to the evidence presented by the People, defendant maintained that she stayed only in the northeast bedroom and denied knowledge that the drugs were in the southeast bedroom. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People' " (*People v Hines*, 97 NY2d 56, 62 [2001], *rearg denied* 97 NY2d 678 [2001], quoting *People v Williams*, 84 NY2d 925, 926 [1994]). We conclude that the People failed to meet their burden of proving defendant's guilt in this circumstantial evidence case. The mere fact that defendant lived at the residence where the drugs were found is, without more, legally insufficient to establish that she exercised the requisite dominion or control over the drugs "by a sufficient level of control over the area in which the [drugs were] found" (*Manini*, 79 NY2d at 573; *see Orta*, 184 AD2d at 1053). Indeed, the evidence at trial established that only male clothing and male shoes were found in the southeast bedroom and that a male roommate of defendant was involved in a drug deal previously observed by the officers while on surveillance. We thus conclude that reversal is required based on the legal insufficiency of the evidence of defendant's constructive possession of the cocaine (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Hayes, JJ.