■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS HUERTAS, Appellant. [821 NYS2d 205]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered August 4, 2004, convicting defendant, after a jury trial, of criminal possession of marijuana in the first degree, and sentencing him to a term of imprisonment of one year, unanimously reversed, on the law, and the indictment dismissed.

Even though defendant conceded that the garage wherein he was arrested was a marijuana-growing operation and that the high intensity lights and other accouterments found in the garage were used for the purpose of growing marijuana, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that there was legally insufficient evidence to establish that defendant exercised dominion and control over the contraband found in the garage such that it could be concluded that he possessed it (see Penal Law § 10.00 [8]). Given that defendant was standing inside the garage entryway when the police entered the garage, the People failed to connect defendant to the marijuana operation, which was located in the two rooms of the garage. "[D]efendant's mere knowledge of the presence of mari[j]uana, without proof that he had the 'ability and intent to exercise dominion or control over the contraband' (People v Wesley, 73 NY2d 351, 361-362 [1989]), is insufficient to establish constructive possession" (People v Burns, 17 AD3d 709, 711 [2005]).

Having declined the trial court's invitation to request a presumption charge pursuant to Penal Law § 220.25 (2), the People may not rely upon it now for the first time on appeal (People v Dodt, 61 NY2d 408, 416 [1984]).

In light of the foregoing, we need not reach defendant's other points. Concur—Mazzarelli, J.P., Sweeny, Catterson, McGuire and Malone, JJ.