[897 NE2d 1052, 868 NYS2d 570]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELON LUCAS, Appellant.

Argued September 4, 2008; decided October 21, 2008

**POINTS OF COUNSEL**

*Legal Aid Society Criminal Appeals Bureau*, New York City (*Joanne Legano Ross* and *Steven Banks* of counsel), for appellant. The indictment, which double counted the victim's death to elevate second degree kidnapping, which is not a predicate offense under Penal Law § 125.27 (1) (a) (vii), to first degree kidnapping, and thereby to qualify it as the foundation for a first degree felony murder charge, provided an inadequate justification for that charge under the rationale of *People v Cahill* (2 NY3d 14 [2003]). (*Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases]*, 82 NY2d 342; *New York State Bankers Assn. v Albright*, 38 NY2d 430; *People v Walker*, 81 NY2d 661; *FGL & L Prop. Corp. v City of Rye*, 66 NY2d 111; *People v Brown*, 67 NY2d 555; *People v Santorelli*, 80 NY2d 875; *People v Valenza*, 60 NY2d 363; *People v Mertz*, 68 NY2d 136; *People v Fullan*, 92 NY2d 690; *People v Miller*, 6 NY3d 295.)

*Charles J. Hynes, District Attorney*, Brooklyn (*Keith Dolan* and *Leonard Joblove* of counsel), for respondent. Defendant's plea of guilty to first degree felony murder (Penal Law § 125.27 [1] [a] [vii]), based upon a first degree kidnapping during which the victim died (Penal Law § 135.25 [3]), was not foreclosed by this Court's decision in *People v Cahill* (2 NY3d 14 [2003]). (*People v Finnegan*, 85 NY2d 53, 516 US 919; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Matter of Theroux v Reilly*, 1 NY3d 232; *People v Garson*, 6 NY3d 604; *Matter of Erie County Agric. Socy. v Cluchey*, 40 NY2d 194; *Matter of Polan v State of N.Y. Ins. Dept.*, 3 NY3d 54; *People v Robinson*, 95 NY2d 179; *Sega v State of New York*, 60 NY2d 183; *People v Jackson*, 87 NY2d 782; *People v Mateo*, 2 NY3d 383.)

**OPINION OF THE COURT**

SMITH, J.

An intentional killing committed in the course of and in furtherance of kidnapping in the first degree is first degree murder (Penal Law § 125.27 [1] [a] [vii]), and an abduction during which the person abducted dies is first degree kidnapping (Penal Law § 135.25 [3]). Defendant, who was indicted for first degree murder based on his killing of a person he had abducted,

argues that the indictment was legally insufficient because it "double counted" the death of the victim, relying on it both as an element of first degree murder and as an element of first degree kidnapping. We reject defendant's argument.

## I

Defendant was indicted for several crimes related to the abduction and death of Patrick Bhola. The first count accused him of murder in the first degree, alleging that defendant "with intent to cause the death of Patrick Bhola, caused the death of Patrick Bhola by stabbing and beating him about the body"; and that

> "Patrick Bhola was killed while the defendant . . . was in the course of and in furtherance of committing the crime of kidnapping in the first degree . . . to wit: the defendant . . . abducted Patrick Bhola and Patrick Bhola died during the abduction and before he was able to return and be returned to safety."

After a motion to dismiss the indictment was denied, defendant pleaded guilty to murder in the first degree and murder in the second degree. As part of the plea bargain, he signed a waiver of appeal, but the People agreed to an exception to the waiver allowing him to raise on appeal the argument he now advances. The Appellate Division affirmed (43 AD3d 1084 [2007]). A Judge of this Court granted leave to appeal (9 NY3d 1007 [2007]), and we now affirm.

## II

Defendant argues that the facts stated in the indictment do not constitute the crime of first degree murder. This argument attacks the facial sufficiency of the accusatory instrument, and so is not forfeited by defendant's guilty plea (*People v Taylor*, 65 NY2d 1, 5 [1985]), but it fails on the merits.

Penal Law § 125.27 says, in relevant part:

> "A person is guilty of murder in the first degree when:

> "1. With intent to cause the death of another person, he causes the death of such person or of a third person; and

> "(a) . . .

"(vii) the victim was killed while the defendant was in the course of committing . . . and in furtherance of . . . kidnapping in the first degree."

Penal Law § 135.25 says, in relevant part:

"A person is guilty of kidnapping in the first degree when he abducts another person and when . . .

"3. The person abducted dies during the abduction or before he is able to return or to be returned to safety."

The indictment in this case tracks the language of these statutes. It alleges the elements of murder in the first degree, including a killing "in the course of" and "in furtherance of" a first degree kidnapping, and it also alleges the elements of first degree kidnapping, including the abduction and the death of the person abducted. Defendant argues that the indictment is nevertheless insufficient because it violates a rule against "double counting" that defendant finds in *People v Cahill* (2 NY3d 14 [2003]). Defendant reads *Cahill* too broadly.

Cahill was indicted for first degree murder based on a killing committed in the course of, and in furtherance of, burglary in the second degree (2 NY3d at 62-63). It is an element of second degree burglary that the person committing it "enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.25). The crime that Cahill intended to commit when he entered the building was the murder he in fact committed; thus, the same criminal intent supported both the murder charge and the aggravating factor, the burglary. Reversing Cahill's first degree murder conviction, we accepted his argument "that this circularity is impermissible" (2 NY3d at 64). In this case, defendant says that a similar "circularity" exists, because the victim's death is an element both of first degree murder and of the predicate kidnapping crime. We disagree.

*Cahill* did not hold that, in first degree felony murder cases, the murder and the predicate felony can have no common elements. The problem in *Cahill* was the double counting of one criminal *intent*. We said that Cahill's "conviction cannot stand because the burglary carried no *intent* other than to commit the murder" (*id.* at 62 [emphasis added]). We explained that, in defining first degree murder—a crime which could make a defendant eligible for the death penalty—the Legislature required murder and "[a]n additional aggravating factor—murder

'plus' " (*id.* at 64). But where "the very same mens rea—the intent to kill" was used to define both the murder and the aggravating factor, the legislative goal of "narrowing rather than expanding the class of defendants eligible for the death penalty" had not been achieved (*id.* at 64, 65). The gist of *Cahill* is that where only one criminal intent, the intent to kill, is shown, defendant's crime has not been "aggravated" to first degree murder.

That is not true here. Here, the murder defendant committed and the predicate crime that serves as an aggravation arise from two distinct intents—the intent to kill the victim and the intent to abduct him. The intent to abduct aggravated the crime of murder, and defendant is thus a member of that class of murderers whose crime is significantly worse than ordinary murder—"murder plus." It is of no moment that a factual circumstance other than defendant's intent—in this case, the victim's death—is an element of both the murder and the predicate felony. *Cahill* is satisfied by the showing of a second criminal intent.

The result defendant seeks here would contradict the obvious intention of the authors of the first degree murder statute. The authors specifically included kidnapping in the first degree as a predicate crime, and one of the three subdivisions of the first degree kidnapping statute (Penal Law § 135.25 [3]) applies only in cases where the victim dies. On defendant's reading, the Legislature intended to exclude virtually all section 135.25 (3) kidnappings from the first degree murder statute—all except those in which the person abducted dies and the kidnapper murders someone else. Surely, if the Legislature had such an intention it would have said so more plainly. Indeed, that intention is an unlikely one to attribute to the Legislature—an intention to punish one of the most heinous of crimes, kidnapping accompanied by murder of the victim, less severely than many other murders.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed.