■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRENEL ARNOLD, Appellant. [875 NYS2d 571]—

Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Nelson, J.), rendered June 22, 2006, convicting him of criminal possession of a weapon in the third degree, criminal use of drug paraphernalia in the second degree (two counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of crimi-

nal possession of a weapon in the third degree and two counts of criminal use of drug paraphernalia in the second degree beyond a reasonable doubt. Evidence of the defendant's constructive possession of the contraband included testimony that the defendant was frequently observed in the apartment where the contraband was seized, that his name and telephone number were included on the emergency contact form connected with the rental of the apartment, and that he fled from the room where the contraband was seized (*see People v Lamont,* 21 AD3d 1129, 1130 [2005]; *People v Skyles,* 266 AD2d 321 [1999]; *cf. People v Pearson,* 75 NY2d 1001 [1990]; *People v Rivera,* 176 AD2d 498, 500 [1991]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was not denied a fair trial because the prosecutor made improper comments during summation. A review of the challenged comments reveals that they were either responsive to defense counsel's summation or fair comment on the evidence, or related to matters which were fairly inferable from the evidence (*see People v Siriani,* 27 AD3d 670 [2006]; *People v Charlton,* 27 AD3d 658 [2006]; *People v McHarris,* 297 AD2d 824, 825 [2002]; *People v Russo,* 201 AD2d 512, 513 [1994], *affd* 85 NY2d 872 [1995]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]). Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.