Appeal by the defendant from a judgment of the County Court, Suffolk County (Ambro, J.), rendered December 3, 2010, convicting him of grand larceny in the third degree (two counts), scheme to defraud in the first degree, criminal possession of a forged instrument in the second degree, and falsifying business records in the first degree (eight counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).
*1231 Contrary to the defendant’s contention, the People established by a preponderance of the evidence that Suffolk County had geographical jurisdiction over the crimes of which the defendant was convicted (see CPL 20.40 [2] [c]; 20.10 [4]; People v Lumpkins, 11 AD3d 563, 564 [2004]; cf. Matter of Taub v Altman, 3 NY3d 30, 36 [2004]). Further, we reject the defendant’s contention that he was not given adequate notice of the basis on which Suffolk County asserted geographical jurisdiction. The indictment, as supplemented by the People’s bill of particulars, sufficiently apprised the defendant of the asserted basis of geographical jurisdiction (see Matter of Taub v Altman, 3 NY3d at 40).
The defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the County Court erred in admitting evidence of uncharged crimes is without merit. The evidence of uncharged crimes was probative on the issue of the defendant’s knowledge and intent with respect to the charged crimes (see People v Bayne, 82 NY2d 673, 676 [1993]; People v Bastian, 294 AD2d 882, 883 [2002]; People v Evans, 294 AD2d 445, 445-446 [2002]; People v Carelock, 278 AD2d 851 [2000]; People v Renzulli, 100 AD2d 945 [1984]; cf. Matter of Brandon, 55 NY2d 206, 211 [1982]). Moreover, inasmuch as the probative value of this evidence outweighed any potential for undue prejudice, the County Court did not improvidently exercise its discretion in admitting this evidence (see People v Gamble, 18 NY3d 386, 397-398 [2012]; People v Alvino, 71 NY2d 233, 242 [1987]; cf. People v Wilkinson, 71 AD3d 249, 254 [2010]). Finally, the Supreme Court gave appropriate limiting instructions as to the proper use of the challenged evidence (see People v Holden, 82 AD3d 1007, 1008 [2011]; People v Rock, 65 AD3d 558, 559 [2009]; People v Melendez, 8 AD3d 680, 681 [2004]).
*1232 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Skelos, J.E, Balkin, Leventhal and Austin, JJ., concur.