Judgment, Supreme Court, New York County (Jill Konviser, *457 J.), rendered April 30, 2012, convicting defendant, after a jury trial, of criminal possession of marijuana in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of nine months, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).
The court properly instructed the jury on the subject of constructive possession (see Penal Law § 10.00 [8]). Following the Criminal Jury Instructions (CJI2d[NY] Possession — Physical and Constructive Possession), the court charged that in order to prove that defendant exercised dominion and control over the marijuana and stun gun he was charged with possessing, and, therefore, that he constructively possessed them, the People were required to demonstrate that he “exercise[d] a level of control over the area in which the property is found . . . sufficient to give him . . . the ability to use or dispose of the property.” The court also instructed the jury on the knowledge element of each crime.
Defendant argues that he was entitled to have the jury instructed that he could be convicted only upon proof that he intended to exercise dominion and control over the contraband. In defendant’s view, even if he was fully aware that there was contraband in the apartment he shared with his aunt and nephew, and even if he had unfettered control over the areas where the contraband was located, he was not guilty of possessing it since he merely tolerated his drug-dealing nephew’s use of the apartment as a repository for the contraband and had nothing else to do with it. We disagree.
There is no element of intent in constructive possession. A long line of authority makes clear that knowing constructive possession of tangible property is established where the People prove knowledge that the property is present and “a sufficient level of control over the area in which the contraband [was] found” (People v Manini, 79 NY2d 561, 573 [1992]; see also People v Muhammad, 16 NY3d 184 [2011]).
Defendant has identified a number of appellate decisions that speak in terms of “intent” to exercise dominion and control (see e.g. People v Wesley, 73 NY2d 351, 361-362 [1989]; People v Huertas, 32 AD3d 795 [1st Dept 2006]). However, these decisions do not stand for the proposition that defendant asks this Court to accept. Furthermore, the parties to those cases do not appear to have litigated the issue presented by this appeal, and in each case the Court does not appear to have had occasion to decide that issue (see e.g. People v Louree, 8 NY3d 541, 546 n *458 [2007]). While Wesley, on which defendant principally relies, did state that the People bear the burden of “establishing defendant’s ability and intent to exercise dominion or control,” the holding of the case was that a defendant does not have standing to challenge a search that results in the discovery of contraband, based solely on his alleged constructive possession of that contraband (id. at 361). The case did not present the question whether intent must be proved to establish constructive possession and the Court did not so hold. Similarly, in Huertas, this Court quoted Wesley's “ability and intent” language, but held, on the facts before it, that the evidence of constructive possession was insufficient for lack of proof that the defendant had a sufficient level of control over the garage where drugs were recovered, not because the People failed to prove intent.
Defendant’s remaining claim does not warrant reversal. We agree with defendant that a number of the statements contained in text message conversations recovered from the codefendant’s cell phone were nonhearsay, and therefore should have been admitted. However, the error was harmless, particularly because the court admitted into evidence two similar messages and admission of the additional messages would not have affected the verdict.
Similarly, the error did not rise to the level of depriving defendant of his right to present a defense (see generally Chambers v Mississippi, 410 US 284, 294 [1973]). Concur — Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.