■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TULA BAFFI, Appellant. [990 NYS2d 251]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered June 10, 2011, convicting her of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent with CPL 160.50.

The defendant was convicted of grand larceny in the third degree (Penal Law §§ 155.05 [2] [d]; 155.35 [1]) for allegedly promising to engage in certain conduct for the purpose of bringing the complainants' children from Peru to the United States in exchange for a fee of $15,000, while having no intent to engage in such conduct.

Viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence did not establish that the defendant had the requisite intent to commit the crime of larceny by false promise. The People failed to establish with legally sufficient evidence that, at the time that the defendant made the alleged promise to engage in conduct that would permit her to bring the complainants' children into this country, she did not intend to engage in such conduct (*see* Penal Law §§ 155.05 [1], [2] [d]; 155.35 [1]). "In any prosecution for larceny based upon a false promise, the defendant's intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not performed. Such a finding may be based only upon evidence establishing that the facts and circumstances of the case are wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed" (*see People v Milbauer*, 128 AD2d 730, 730-731 [1987]; Penal Law § 155.05 [2] [d]). Since the only evidence supporting the allegation that the defendant harbored an undisclosed intention not to engage in the promised conduct that would enable the complainants' children to enter the United States was that she did not in fact engage in that conduct, the defendant's conviction was not supported by legally sufficient evidence. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.