■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAHAD BROWN, Appellant. [20 NYS3d 390]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered December 12, 2012, convicting him of criminal possession of a weapon in the third degree (three counts) and criminal possession of marijuana in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.

On December 3, 2011, police officers executed a warrant to search an apartment in Kings County. The police officers who testified at the defendant's trial (hereinafter the searching officers) testified that before they entered the apartment, officers from the Emergency Services Unit (hereinafter the ESU) had entered the apartment, handcuffed all the adults in the apartment, and then left. The searching officers then entered the apartment and found the defendant's mother and younger brother handcuffed in the living room, and the defendant handcuffed on the floor of a hallway that led to two bedrooms. In one of those two bedrooms the searching officers found a woman who had been handcuffed, and two small children. From that bedroom the searching officers recovered several firearms and a quantity of marijuana. None of the officers from the ESU testified at the defendant's trial, and no evidence was presented as to where the ESU officers found the defendant when they entered the apartment. The defendant was arrested and charged with, inter alia, several counts of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (1), and criminal possession of marijuana pursuant to Penal Law § 221.25.

In assessing the legal sufficiency of the evidence, "the court must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (People v Bleakley, 69 NY2d 490, 495 [1987]). In making this assessment, the evidence must be viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]).

Here, the People contended at trial that the defendant constructively possessed the weapons and marijuana. The ele-

ment of constructive possession may be established, inter alia, where it is shown that the defendant exercised " 'dominion or control' " over the property by exercising a sufficient level of control over the place where the contraband is found or over the person from whom the contraband is seized (*People v Manini*, 79 NY2d 561, 573 [1992], quoting Penal Law § 10.00 [8]; *see People v Arnold*, 60 AD3d 960 [2009]; *People v Tirado*, 47 AD2d 193 [1975]). "Constructive possession may be established by direct evidence or by circumstantial evidence with inferences drawn from the facts presented in the case" (*People v Skyles*, 266 AD2d 321, 322 [1999]; *see People v Brian*, 84 NY2d 887, 889 [1994]). "Where . . . the prosecution relies wholly upon circumstantial evidence to establish the guilt of the accused, the circumstances must be satisfactorily established and must be of such a character as, if true, to exclude to a moral certainty every other hypothesis except that of the accused's guilt" (*People v Olivo*, 120 AD2d 466, 467 [1986]; *see People v Baffi*, 119 AD3d 952, 953 [2014]).

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), it was legally insufficient to establish the possession elements of the weapons possession and marijuana possession counts, as charged here. Although the defendant was present in the apartment when the search warrant was executed, "it is settled that one's mere presence in an apartment or house where contraband is found does not constitute sufficient basis for a finding of constructive possession" (*People v Edwards*, 206 AD2d 597, 597 [1994]; *see People v Swain*, 241 AD2d 695, 696 [1997]). There was no evidence specifically connecting the defendant to the bedroom where the contraband was found, or otherwise connecting the defendant to the contraband. Under these specific circumstances, the People failed to prove that the defendant exercised dominion and control over the contraband, and therefore failed to prove the possession element of the counts as charged (*see People v Huertas*, 32 AD3d 795 [2006]; *People v Gautreaux-Perez*, 31 AD3d 1209 [2006]; *People v Swain*, 241 AD2d 695, 696 [1997]; *see also People v Manini*, 79 NY2d at 572-573; *People v Pearson*, 75 NY2d 1001, 1002 [1990]).

In light of our determination, we do not reach the defendant's remaining contentions. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.