The People of the State of New York, Respondent,
against
Jamel Jordan, Appellant.




New York City Legal Aid Society (Andrea L. Bible, Esq.), for appellant.
District Attorney Richmond County (Morrie I. Kleinbart, Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), rendered April 17, 2015. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a misdemeanor complaint with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), unlawful possession of marihuana (Penal Law § 221.05), and criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [3]). After waiving prosecution by information, defendant pleaded guilty to disorderly conduct (Penal Law § 240.20), an uncharged offense, in satisfaction of the accusatory instrument. On appeal, defendant argues that the accusatory instrument was jurisdictionally defective in that it failed to allege facts sufficient to establish the possession element of each of the charges.
At the outset, we note that, as defendant's facial sufficiency argument raises a jurisdictional issue, it was not forfeited upon his plea of guilty (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Lucas, 11 NY3d 218, 220 [2008]). Since defendant expressly waived his right to be prosecuted by information as part of the plea agreement, the accusatory [*2]instrument's legal sufficiency must be evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]). A complaint is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]).
The complaint alleges that a digital scale containing cocaine residue was found on the dresser in defendant's bedroom. Contrary to defendant's argument, that allegation is sufficient to demonstrate reasonable cause to believe that defendant had dominion and control over the room in which the scale was found, and therefore the complaint sufficiently pleaded constructive possession of the scale (see People v Cosmos, 49 Misc 3d 134[A], 2015 NY Slip Op 51470[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015], lv denied 26 NY3d 1087 [2015]; see also People v Brown, 133 AD3d 772, 773 [2015]; People v Shakeem B., 55 Misc 3d 47 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
As the sole ground defendant has raised in challenging the legal sufficiency of the charge in the misdemeanor complaint of criminally using drug paraphernalia in the second degree lacks merit, defendant has not provided a basis to reverse the judgment convicting defendant, upon his guilty plea, of the uncharged offense of disorderly conduct. Under the circumstances, we need not consider the remaining issues with respect to the accusatory instrument raised in defendant's brief (see People v Jakubowski, 55 Misc 3d 136[A], 2017 NY Slip Op 50502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017