People v Williams (2018 NY Slip Op 04173)





People v Williams


2018 NY Slip Op 04173


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


640 KA 15-01258

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREA L. WILLIAMS, DEFENDANT-APPELLANT. 






DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT. 
ANDREA L. WILLIAMS, DEFENDANT-APPELLANT PRO SE.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 4, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed and the matter is remitted to Oneida County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and one count of criminal possession of a controlled substance in the seventh degree (§ 220.03). In her main and pro se supplemental briefs, defendant contends that the evidence is legally insufficient to establish that she constructively possessed heroin that was recovered from the apartment where she was arrested. We agree, and we therefore reverse the judgment and dismiss the indictment.
Where, as here, there is no evidence that the defendant actually possessed the controlled substance, the People are required to establish that the defendant "exercised dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (People v Manini, 79 NY2d 561, 573 [1992]; see Penal Law § 10.00 [8]; People v Russaw, 114 AD3d 1261, 1261-1262 [4th Dept 2014], lv denied 22 NY3d 1202 [2014]). The People may establish constructive possession by circumstantial evidence (see People v Torres, 68 NY2d 677, 678-679 [1986]; People v Boyd, 145 AD3d 1481, 1481-1482 [4th Dept 2016], lv denied 29 NY3d 947 [2017]). It is well established, however, that a defendant's mere presence in the area where drugs are discovered is insufficient to establish constructive possession (see Boyd, 145 AD3d at 1482; People v Knightner, 11 AD3d 1002, 1004 [4th Dept 2004], lv denied 4 NY3d 745 [2004]).
The evidence in this case, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally insufficient to establish the possession element of the crimes charged. Although defendant was present in the apartment at the time when the police executed the search warrant, "no evidence was presented to establish that defendant was an occupant of the apartment or that [she] regularly frequented it" (People v Swain, 241 AD2d 695, 696 [3d Dept 1997]). The People relied primarily on the trial testimony of a police investigator, who testified that defendant was listed in the records management system of the Utica Police Department (UPD) as living at the apartment. The investigator acknowledged on cross-examination, however, that he did not know how the UPD obtained that information and that the information in the records management system is not always current or even accurate. The [*2]investigator also testified that he surveilled the building in which the apartment was located "hundreds" of times over the course of a three-week investigation, and that he observed defendant "at that location" only twice. Although the investigator testified that "typical women's clothing" was found in the apartment, he failed to offer specifics except for three pairs of footwear, which he believed might fit defendant. By contrast, he testified in detail about men's underwear and men's deodorant found in a dresser drawer, men's work boots piled near the dresser, and men's sweatshirts hanging over a couch. Photographs of the clothing were received in evidence, and those photographs did not depict any "typical women's clothing," with the possible exception of one or two pairs of footwear. Inasmuch as there was no evidence, other than her presence, that specifically connected defendant to the apartment where the contraband was found, "the People failed to prove that [she] exercised dominion and control over the contraband, and therefore failed to prove the possession element of the counts as charged" (People v Brown, 133 AD3d 772, 773 [2d Dept 2015], lv denied 26 NY3d 1143 [2016]; see generally People v Gautreaux-Perez, 31 AD3d 1209, 1210 [4th Dept 2006]).
In light of our determination, we need not consider the additional contentions in defendant's main and pro se supplemental briefs.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court