The People of the State of New York, Respondent,
against
Ana L. Urena, Appellant. 




Alan Ross, for appellant.
Queens County District Attorney (Robert J. Masters, Joseph N. Ferdenzi and Edward D. Saslaw of counsel), for respondent.
Corporation Counsel (Devin Slack and Mackenzie Fillow of counsel), for the City of New York, Amicus Curiae.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered June 9, 2017. The judgment convicted defendant, upon her plea of guilty, of violating Administrative Code of the City of New York § 19-190 (a), and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is vacated, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Defendant was charged in a misdemeanor complaint with violating Administrative Code of the City of New York § 19-190 (a) and (b), and Vehicle and Traffic Law § 1146 (a). On June 9, 2017, she pleaded guilty to violating Administrative Code of the City of New York § 19-190 (a) and was sentenced to pay a fine of $50 and to attend a driver's education program. On appeal, defendant challenges, among other things, the facial sufficiency of the accusatory instrument with respect to all three counts charged, seeking the vacatur of the plea and the dismissal of the [*2]accusatory instrument. 
The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Lucas, 11 NY3d 218, 220 [2008]; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant, through counsel, expressly waived the right to be prosecuted by information, the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]; CPL 100.15, 100.40 [4]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]).
Administrative Code of the City of New York § 19-190 (a) makes it a traffic infraction for "any driver of a motor vehicle" to fail "to yield to a pedestrian or person riding a bicycle when such pedestrian or person has the right of way," and subdivision (b) provides that "any driver of a motor vehicle who violates subdivision a of this section and whose motor vehicle causes contact with a pedestrian or person riding a bicycle and thereby causes physical injury" is guilty of a misdemeanor. Administrative Code of the City of New York § 19-190 (c) states that "[i]t shall not be a violation of [§ 19-190] if the failure to yield and/or physical injury was not caused by the driver's failure to exercise due care." The failure to exercise due care must be pleaded (see People v Sanson,59 Misc 3d 4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Vehicle and Traffic Law § 1146, entitled "Drivers to exercise due care," requires every driver of a vehicle to exercise "due care," and makes any driver who causes physical injury as a result of a failure to exercise "due care" guilty of a traffic infraction. 
There are no facts alleged in the accusatory instrument that support or tend to support a failure to exercise due care, which is a common element of all of the counts charged in the accusatory instrument. The accusatory instrument is therefore jurisdictionally defective with respect to the count charging a violation of Administrative Code of the City of New York § 19-190 (a), requiring the reversal of the judgment of conviction and the vacatur of the guilty plea to that count. Since it is also jurisdictionally defective with respect to the other two counts charged, the accusatory instrument must be dismissed (cf. CPL 470.55 [2]). 
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 01, 2019