OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Defendant was charged, in an accusatory instrument not denominated either a misdemeanor complaint or an information, with criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]) and several other offenses. He pleaded guilty to criminal possession of marihuana in the fifth degree in satisfaction of the accusatory instrument. He now challenges the facial sufficiency of the count of the accusatory instrument charging him with that offense, arguing that it does not meet the facial sufficiency requirement of CPL 100.40 (1) (c).
As defendant correctly contends, because he never waived the right to be prosecuted by information, the accusatory instrument must be measured against the standards for an information (see People v Kalin, 12 NY3d 225, 227-228 [2009]), including the standard set forth in CPL 100.40 (1) (c). This subdivision provides that, in order for a count of an information to be facially sufficient, the information (and/or its supporting deposi *7 tions) must set forth factual allegations that “establish, if true, every element of the offense charged.” This requirement is jurisdictional (see People v Kalin, 12 NY3d at 229; People v Casey, 95 NY2d 354, 362 [2000]; People v Alejandro, 70 NY2d 133 [1987]). Hence, defendant’s claim did not require preservation (see People v Kalin, 12 NY3d at 229; People v Casey, 95 NY2d at 362; People v Alejandro, 70 NY2d at 135), and the claim was not forfeited by defendant pleading guilty (see People v Lucas, 11 NY3d 218, 220 [2008]; People v Konieczny, 2 NY3d 569, 573 [2004]).
The instrument alleges, among other assertions, that, according to a named police officer, on or about February 7, 2008, at about 1:33 p.m., at Tillary Street and Prince Street in Kings County, defendant turned his vehicle without signaling; the police officer conducted a car stop; the officer smelled a strong odor of marihuana emanating from inside the vehicle; she observed defendant holding a quantity of marihuana, open to public view, in his hand; and she recovered the marihuana from defendant’s hand.
Penal Law § 221.10 (1) provides, in relevant part: “A person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses: 1. marihuana in a public place, as defined in section 240.00 of this chapter, and such marihuana is . . . open to public view.” Penal Law § 240.00 (1) defines a “public place” as “a place to which the public or a substantial group of persons has access, and includes, but is not limited to, highways.” Defendant contends that the count charging him with criminal possession of marihuana in the fifth degree fails to provide factual allegations that “establish, if true” (CPL 100.40 [1] [c]), that the marihuana was “in a public place” and “open to public view” within the meaning of Penal Law § 221.10 (1) and § 240.00 (1). In our opinion, defendant’s contentions lack merit.
“[A]n accusatory instrument must be given a reasonable, not overly technical reading.” (People v Konieczny, 2 NY3d 569, 576 [2004].) When the accusatory instrument herein is given such a reading, the allegations thereof establish, if true, that the complainant police officer observed defendant holding marihuana in his hand while defendant was inside his car, and while his car was stopped (for the traffic infraction investigation) on a public street. These allegations establish, if true, that defendant possessed marihuana in a “public place” within the meaning of Penal Law § 240.00 (1) (see People v McNamara, 78 *8 NY2d 626, 633 [1991]). Defendant takes the position that he could be guilty of violating Penal Law § 221.10 (1) only on the basis of conduct that occurred before the traffic infraction stop. We reject this argument. Penal Law § 240.00 (1) defines “public placets]” without reference to the history of how the defendant arrived at them (see generally People v Morgan, 10 AD3d 369, 370 [2004]). Consequently, we do not reach defendant’s further argument that the inside of his moving car, as opposed to his stopped car, was not a “public place.”
In addition, the allegations of the accusatory instrument establish, if true, that, while the car was stopped, the marihuana was “open to public view” (see People v Watkins, 20 Misc 3d 1117[A], 2008 NY Slip Op 51378[U] [Crim Ct, NY County 2008]). Defendant argues that marihuana that becomes visible to the public solely by virtue of a traffic infraction stop cannot be said to be “open to public view” within the meaning of Penal Law § 221.10 (1). Again, under the circumstances here presented, we reject defendant’s attempt to distinguish between a defendant who has been stopped because of a traffic infraction and a defendant who has stopped voluntarily.
Accordingly, the judgment of conviction is affirmed.
Golia, J.P, Pesce and Weston, JJ., concur.