OPINION OF THE COURT
John T. Hecht, J.
Defendant Edwin Martinez-Guzman is charged with a variety of offenses involving alleged drinking and driving.* Defendant moves to dismiss the accusatory instrument on facial sufficiency and speedy trial grounds. The People oppose the motion.
The accusatory instrument provides, in pertinent part:
“The deponent [Police Officer Glen Dengeles] states that, at the above time and place [October 29, 2011, 4:55 a.m. at Jamaica and Euclid Avenue, Brooklyn], the deponent observed the defendant standing next to a 2001 Lincoln with New York State license plate number T455950C with the keys in the ignition and the engine to be [sic] running.
“Defendant is further informed by Danny Dominguez that the defendant was driving defendant’s vehicle at the above time and place . . .
“Deponent further states that deponent is informed by the attached chemical test analysis that at the time indicated, the defendant submitted to a chemical *600 test to determine the defendant’s blood alcohol concentration with a result of .093% alcohol content.” (Accusatory instrument dated Oct. 29, 2011.)
Defendant argues that the prosecution should be dismissed for facial insufficiency because, without the supporting deposition of Danny Dominguez (which has never been filed), the critical element of “operation” or “driving” has not been established by nonhearsay allegations. Instead, the information merely alleges “operation” of the vehicle by inference from the fact that defendant was standing next to it. Defendant also contends that the case should be dismissed because the time limit prescribed by CPL 30.30 has run, and that the People’s delay violates CPL 30.20.
Each of the offenses charged in the subject accusatory instrument includes the essential element of “operation” or “driving.” Here, the accusatory instrument states that Officer Dengeles observed defendant standing at the intersection of two roads at 4:55 a.m. next to a 2001 Lincoln whose keys were in the ignition and whose engine was running. Observation of a defendant actually driving a motor vehicle is not necessary to allege the element of operation, or the similarly defined element of driving. Thus, in People v Booden, where, among other things, the defendant was found next to a car in a ditch, the Court of Appeals found that the element of operation had been proved (People v Booden, 69 NY2d 185 [1987]; see People v Dolan, 1 Misc 3d 32 [App Term, 1st Dept 2003] [information containing defendant’s, admission as to driving and arresting officer’s observation of defendant in driver’s seat with seat belt fastened and air bag deployed found facially sufficient]). Although Booden and Dolan were decisions rendered after trial, and other facts were elicited at the trials of those cases to sustain the charges, they support the conclusion that operation may be inferred from the defendant’s proximity to, or presence inside, a vehicle, even if no witness observes him driving it, particularly where the circumstances imply that the car has recently been driven. The circumstances alleged here include that the car was at an intersection in the early morning — in contrast to a car, say, parked among others at the side of a road or one traveling by at rush hour — from which the court may reasonably infer that the car had recently been driven and that the defendant, who was “next” to it, was its driver. The contrary conclusion reached by the court in People v Barrett — that a defendant’s presence near the scene of a vehicle accident is insufficient to allege operation — may perhaps be attributed to the different standard that *601 applies to the review of a grand jury indictment (People v Barrett, 22 Misc 3d 1134[A], 2009 NY Slip Op 50428[U] [Essex County Ct 2009]).
Indeed, four recent decisions of the Court of Appeals describe how the People’s pleading obligations in a criminal court information are more limited than may previously have been believed. In People v Kalin, the Court explained that the statutory “prima facie case requirement” for an information is less than “the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial” (People v Kalin, 12 NY3d 225, 230 [2009] [citations omitted]). The Court emphasized that this was so in light of the twofold purpose of an information: to “give an accused notice sufficient to prepare a defense and ... to prevent a defendant from being tried twice for the same offense” (id.).
To be sure, as the Court reminded the People in People v Dreyden, facts of an evidentiary nature, rather than conclusions, must be alleged to meet their prima facie case requirement (People v Dreyden, 15 NY3d 100 [2010]). If the “conclusion drawn by a police officer . . . involves the exercise of professional skill or experience, some explanation concerning the basis for that conclusion must be evident from the accusatory instrument” (People v Jackson, 18 NY3d 738, 746 [2012]). Thus, in Kalin, the officer was required to explain the basis for the conclusion that the substance allegedly recovered from the defendant was a controlled substance. Similarly, in Dreyden, the officer was required to explain how he came to identify defendant’s knife as a gravity knife, which has a specific statutory definition.
But not every conclusion requires detailed factual allegations. In Jackson, where the question was whether the People had sufficiently alleged that the defendant’s marihuana possession was “open to public view,” the Court concluded that a
“determination that a particular item is ‘open to public view’ does not require the exercise of professional skill or experience on the part of a police officer warranting a specialized explanation. Thus, in most cases the basis for such an allegation can be discerned by drawing reasonable inferences from all the facts set forth in the accusatory instrument” (id. at 747).
Kalin, Dreyden, and Jackson therefore explain the parameters of the People’s obligation to allege evidentiary facts in an infor *602 mation. If the ordinary observer may readily draw the conclusion the People allege, the People’s pleading burden is limited. If the conclusion is the product of the more specialized observation of a police officer, then the People must provide more explanatory facts.
More recently, in People v Suber, the Court of Appeals determined that the requirement that the People allege evidentiary facts in an information without resorting to hearsay (CPL 100.15, 100.40), means no more than that (People v Suber, 19 NY3d 247 [2012]). Specifically, the People need not corroborate a defendant’s admission, even though they would have had to had the admission been presented to a grand jury: “the accusatory instrument is not defective if it does not set forth corroborative evidentiary allegations” (id., at 254). As a result, the defendant in Súber, a registered sex offender, could be prosecuted by information for his alleged failure to register his change of address based only on the allegation that because he had made an (uncorroborated) admission that he had changed his address, he had in fact done so. (If he had been prosecuted by indictment, the People would have had to present to the grand jury corroborative evidence that he had moved.)
This case is like Jackson to the extent that one can draw a reasonable inference that a person standing next to a vehicle on a road has been its driver, just as in Jackson one could conclude that defendant’s marihuana was open to public view because a person standing outside the car, like the officer, could see it in the defendant’s hand. In other words, explanatory factual allegations are unnecessary to support the police officer’s reasonable conclusion that the defendant had been driving.
And this case is like Súber to the extent that a fair reading of the informations in both Súber and here gives reason to believe that the defendants committed the charged crimes through non-hearsay facts of an evidentiary nature — in Súber, the defendant’s admission that he had moved, and here, the allegation that defendant was standing next to a car on a road. In both cases, significantly, the People rely on only the barest factual assertions to support a conclusion that the defendants committed a crime. Indeed, both leave open the possibility that facts consistent with innocence may simply not have been alleged. For example, the defendant in Súber may not in fact have moved, and the defendant here may have been a passenger or a passerby and not the driver. But both informations inform the defendants of what they are alleged to have done so that they can *603 prepare their defenses and not be subjected to double jeopardy, and both accomplish this through nonhearsay allegations of facts that require no special skill or discernment to draw a conclusion from. Viewed in this light, the information here is sufficient.
The court will now consider the defendant’s CPL 30.30 and 30.20 motions.
On October 30, 2011, defendant was arraigned in Criminal Court and released on his own recognizance. The case was adjourned to January 19, 2012 for discovery by stipulation (DBS). Zero days are included (CPL 30.30 [4] [a]; see People v Holden, 260 AD2d 233 [1999], lv denied 93 NY2d 1003 [1999]; see also People v Hassler, 170 Misc 2d 378, 387 n 10 [Crim Ct, Kings County 1996] [reasonable time attributable to discovery by stipulation excludable]).
On January 9, 2012, the People served and filed DBS. The case was adjourned to March 20, 2012 for hearings and trial. Zero days are included (CPL 30.30 [4] [a]; People v Forbes, 7 AD3d 473 [1st Dept 2004] [People are entitled to reasonable time to prepare for hearings and trial]; see People v Green, 90 AD2d 705 [1st Dept 1982], lv denied 58 NY2d 784 [1982]).
On March 20, 2012, the court set a motion schedule on the instant motion, whereby the motion was to be filed on April 10 and the People’s response on May 2. The case was adjourned to May 30, 2012 for decision on the motion. Zero days are included (CPL 30.30 [4] [a]; see People v Worley, 66 NY2d 523 [1985]).
On May 30, 2012, the People served and filed their response 28 days late and without having asked the court for an extension and provided a basis for the request. Defendant requested that the People be charged with the additional delay incurred by the late response. The case was adjourned to August 16, 2012 for decision on the motion. Twenty-eight days are included (People v Owens, 209 AD2d 549, 550 [2d Dept 1994] [People’s unexplained delay in responding to motion impeded commencement of trial and found chargeable]).
Based upon the foregoing, the total chargeable time is 28 days.
Regarding defendant’s motion to dismiss the accusatory instrument pursuant to CPL 30.20, the court must consider the following factors: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarcera *604 tion; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay (People v Taranovich, 37 NY2d 442, 445 [1975]). Here, the delay is not inordinate and does not even come close to the statutory speedy trial limit for this nonincarcerated defendant.
In summary, defendant’s motion to dismiss the accusatory instrument for facial insufficiency is denied. The motion to dismiss pursuant to CPL 30.30 and 30.20 is also denied.

 The accusatory instrument charges defendant with one count each of the traffic infraction of operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [1]), the traffic infraction of consumption or possession of alcoholic beverages in certain motor vehicles (Vehicle and Traffic Law § 1227 [1]), the unclassified misdemeanor of operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [2]), the unclassified misdemeanor of operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [3]), the unclassified misdemeanor of reckless driving (Vehicle and Traffic Law § 1212), the unclassified misdemeanor of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), and the traffic infraction of unlicensed operator (Vehicle and Traffic Law § 509 [1]).