*526 Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered August 19, 2011, as, after a hearing, granted those branches of the defendant’s omnibus motion which were to suppress certain physical evidence and a statement he made to law enforcement officials.
Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendant’s omnibus motion which were to suppress certain physical evidence and a statement he made to law enforcement officials are denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the indictment.
The testimony adduced at the suppression hearing revealed that police officers in an unmarked van pulled up next to the defendant’s vehicle at a red light. One of the officers then observed the defendant, who was sitting in the front passenger seat, use a cigar casing to roll what, based on the officer’s experience, appeared to be marijuana. The officers then stopped the defendant’s vehicle. They subsequently discovered a gun in the back seat.
At the conclusion of the suppression hearing, the hearing court determined that the defendant’s possession of what appeared to be marijuana did not occur in a “[pjublic place” (Penal Law § 240.00 [1]) and, hence, that the defendant’s possession of the marijuana constituted a violation rather than a misdemeanor (see Penal Law § 221.10 [1]) or felony. The hearing court then found, inter alia, that because the police officers did not have a reasonable suspicion that the defendant was committing a misdemeanor or felony, the stop of the defendant’s vehicle was unlawful (see CPL 140.50 [1]). Accordingly, the hearing court suppressed the gun, as well as a statement the defendant made to the officers at the scene. The People appeal, and we reverse.
In applying the Penal Law § 240.00 (1) definition of “[pjublic place,” the fact that the defendant was in a private automobile “does not alter the fact that he was on a highway — and was therefore in a public place — when he was seen in possession of [the] marihuana” (People v Jackson, 18 NY3d 738, 744 [2012]). Moreover, the hearing testimony established that the marijuana was “open to public view” (id. at 747). Therefore, the defendant’s possession of what appeared to be marijuana would have constituted a misdemeanor (see Penal Law § 221.10 [1]). Since the police officers had a reasonable suspicion that the defendant was committing a misdemeanor, the stop of the defendant’s vehicle was lawful (see CPL 140.50 [1]), and the gun and statement should not have been suppressed as the fruit of improper police conduct.
*527 In light of our determination, we need not reach the People’s remaining contention. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.