OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed.
Defendant was charged, in a misdemeanor complaint, with criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]) and unlawful possession of marihuana (Penal Law § 221.05). He waived prosecution by information and pleaded guilty to criminal possession of marihuana in the fifth degree in satisfaction of the accusatory instrument. He now challenges the facial sufficiency of the count of the accusatory instrument charging him with criminal possession of marihuana in the fifth degree.
At the outset, we note that defendant’s arguments concerning the accusatory instrument’s facial sufficiency are jurisdictional (see People v Alejandro, 70 NY2d 133 [1987]). Thus, defendant’s *25 claim was not forfeited upon his plea of guilty (see People v Dreyden, 15 NY3d 100 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]; see also People v Lucas, 11 NY3d 218, 220 [2008]) and must be reviewed in spite of his failure to raise it in the Criminal Court (see People v Alejandro, 70 NY2d 133 [1987]). A misdemeanor complaint is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (CPL 100.15 [3]) and provides reasonable cause to believe that defendant committed the crime charged (CPL 100.40 [4] [b]; see People v Dumas, 68 NY2d 729, 731 [1986]). “[A]n accusatory instrument must be given a reasonable, not overly technical reading” (People v Konieczny, 2 NY3d at 576).
Defendant pleaded guilty to Penal Law § 221.10 (1), which provides, in relevant part, that “[a] person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses . . . marihuana in a public place, as defined in section 240.00 of this chapter, and such marihuana is burning or open to public view.” Defendant now appeals, claiming that the misdemeanor complaint insufficiently alleges that the marihuana was “open to public view.” Specifically, the misdemeanor complaint states, in relevant part, that “the [arresting officer] observed the defendant on a roadway which is a public place, and in possession of a quantity of marihuana which was open to public view and which [the arresting officer] recovered from on [sic] back seat of motor vehicle defendant was sitting in.”
We agree with defendant that these allegations are insufficient to support a charge of criminal possession of marihuana in the fifth degree. Other than the arresting officer’s conclusory assertion that the marihuana was open to public view, nothing in the accusatory instrument supports the inference “that any other member of the public could also have seen the marihuana from the same vantage point” (People v Jackson, 18 NY3d 738, 748 [2012]). The fact that the marihuana was “recovered” from the “back seat” of the vehicle does not suggest that it would have been visible to a passerby (compare id. [allegations that officer smelled a strong odor of marihuana emanating from vehicle and saw defendant holding a bag of marihuana in his hand are sufficient to support an inference that members of the public could have seen the marihuana from outside the car]).
Contrary to the dissenting opinion, the accusatory instrument here fails to contain any language or affirmative allegation that the officer actually ever observed defendant in posses *26 sion of marihuana which was open to public view. Any reliance upon the statement that the “marihuana . . . was open to public view” and “recovered from on [sic] back seat” to satisfy the statutory element is misplaced unless one engages in impermissible speculation to fill in the gaps left open by such an insufficient complaint. The factual part of this complaint is less specific than the language in Jackson, which was not a “model of specificity” (id. at 747). As stated in Jackson, “some explanation concerning the basis for that conclusion must be evident from the accusatory instrument. Otherwise, the allegation will be deemed too conclusory to meet the reasonable cause requirement” (id. at 746). There is nothing in this complaint which explains how this officer came to the conclusion that defendant was in possession of marihuana in a public place.
Without any allegations as to how the marihuana was open to public view, it cannot be said that the misdemeanor complaint charging defendant with criminal possession of marihuana was facially sufficient.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.