Pesce, P.J.
(dissenting and voting to affirm the judgment of conviction in the following memorandum). I respectfully disagree with the majority’s view that the misdemeanor complaint was insufficient to plead that the marihuana was “open to public view” within the meaning of Penal Law § 221.10 (1).
In People v Jackson (18 NY3d 738 [2012]), the accusatory instrument charging the defendant with criminal possession of marihuana in the fifth degree stated that the arresting officer had smelled a strong odor of marihuana emanating from inside the car in which the defendant was sitting and that the officer had observed the defendant holding marihuana in his hand (id. at 747). Additional allegations indicated that the contraband was in a ziplock bag (id.). The Court of Appeals stated that one could assume, from the accusatory instrument, that the arresting officer could see the substance in the ziplock bag from outside the car, and that therefore members of the public could see it from the same vantage point (id. at 747-748).
Here, the accusatory instrument contains an affirmative allegation that the arresting officer observed defendant “in possession of a quantity of marihuana which was open to public view.” In addition, the accusatory instrument alleges that the marihuana was recovered from the back seat of the motor vehicle in which defendant had been sitting and that it had been packaged *27 in plastic bags which, based upon his training, the arresting officer identified as typical packaging for marihuana. As in People v Jackson, it can be inferred that the arresting officer’s observations were made from outside the vehicle. These allegations “support the inference that any other member of the public could also have seen the marihuana from the same vantage point — meaning that the marihuana was in an unconcealed area of the vehicle that would have been visible to a passerby or other motorist” (id. at 748). Accordingly, I conclude that the misdemeanor complaint alleges facts of an evidentiary character supporting or tending to support the charge (CPL 100.15 [3]) and provides reasonable cause to believe that defendant committed the crime charged (CPL 100.40 [4] [b]; see People v Dumas, 68 NY2d 729, 731 [1986]), rendering it facially sufficient.
Accordingly, I would affirm the judgment of conviction.
Weston and Solomon, JJ., concur; Pesce, PJ., dissents in a separate memorandum.