[996 NYS2d 461]

Tʜᴇ Pᴇᴏᴘʟᴇ ᴏꜰ ᴛʜᴇ Sᴛᴀᴛᴇ ᴏꜰ Nᴇᴡ Yᴏʀᴋ, Respondent, v Jᴏsᴇ Sᴀɴᴄʜᴇᴢ, Appellant.

Supreme Court, Appellate Term, First Department, August 8, 2014

**APPEARANCES OF COUNSEL**

*The Legal Aid Society*, New York City (*Bryan D. Kreykes* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Caleb Kruckenberg* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Judgment of conviction, rendered October 19, 2011, reversed, on the law, accusatory instrument dismissed, and surcharge, if paid, remitted.

We agree with defendant that the information charging him with criminal possession of marijuana in the fifth degree (Penal Law § 221.10 [1]) was facially insufficient since it failed to set forth, prima facie, defendant's commission of the charged offense. While the deponent police officer (Ciar) alleged that he observed defendant "holding one bag of marijuana in a public place and open to public view," absent from the information were the requisite factual allegations providing the basis for the officer's stated belief that the substance contained in the bag was in fact marijuana (*see People v Jackson*, 18 NY3d 738, 746 [2012]; *People v Kalin*, 12 NY3d 225, 228-229 [2009]). Nor was this deficiency remedied by the allegations offered by the arresting officer (Banks), there being no factual basis to infer that the bag of marijuana said to have been recovered by Banks from defendant's pants pocket was the same bag that Ciar allegedly saw defendant holding at a different location and an earlier time. Thus, the information failed to establish the "open to public view" element of the charged offense (*see and compare People v Jackson*, 18 NY3d at 746-748).

Lowe, III, P.J., Schoenfeld and Shulman, JJ., concur.