OPINION OP THE COURT
Per Curiam.
Order, dated June 4, 2013, reversed, on the law, accusatory instrument reinstated and matter remanded for further proceedings.
Defendant was charged in a superseding information with violating section 397 of the Vehicle and Traffic Law, upon allegations that he was observed “operating ... a pick up truck . . . bearing the name Empire Tow Company . . . [while he had] on his person inside his front left jacket pocket a radio receiver . . . capable of receiving police frequencies.” Section 397 punishes one who “equips a motor vehicle” with a radio receiver capable of receiving signals on the frequencies allocated for police, or “knowingly uses” a vehicle so equipped.
Neither the term “equips a motor vehicle” nor the word “equips” are defined in the Vehicle and Traffic Law. Affording the word equip its plain and ordinary meaning (see McKinney’s Cons Laws of NY, Book 1, Statutes § 232), it is defined in the dictionary as “[t]o furnish for service or against a need or exigency; to fit out; to supply with whatever is necessary for efficient action” (Black’s Law Dictionary [9th ed 2009]); “to provide with what is necessary, useful, or appropriate” (Webster’s Third New International Dictionary); “to supply with necessities such as tools or provisions” (The American Heritage Dictionary). “What is key to these definitions is not whether items are attached to one another, as urged by defendant, but whether the items stand in a relation one to the other that makes them ready for efficient service to meet a particular need or exigency” (United States v Rodriguez, 841 F Supp 79, 83 [ED NY 1994], affd 53 F3d 545 [2d Cir 1995], cert denied 516 US 893 [1995]).
“[D]rawing reasonable inferences from all the facts set forth in the accusatory instrument” (People v Jackson, 18 NY3d 738, 747 [2012]), and giving “a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]) to the sworn allegations that defendant was operating a tow company vehicle while possessing a police scanner on his person, in his left jacket pocket, we find the People’s pleading sufficient to establish reasonable cause to believe and a prima *38 facie case that defendant equipped the vehicle he was operating with a police scanner. Given that the scanner was in defendant’s jacket pocket, where it could be accessed and operated in the vehicle, within seconds, the accusatory instrument was sufficient for pleading purposes, to satisfy the “equips a motor vehicle” element of the charge. Had the legislature intended to prohibit only such devices that defendant attached or installed in the vehicle, it would have so stated, as it has in other provisions of the Vehicle and Traffic Law (see Vehicle and Traffic Law § 375 [10] [b] [requiring that an omnibus be “equipped with a mirror attached to the right side” (emphasis added)]; 375 [10-a] [requiring that a motor vehicle be “equipped with an adjustable side view mirror which shall be affixed to the left outside” (emphasis added)]; 375 [48] [b] [requiring that a passenger car be “equipped with both a front and rear bumper, each securely fastened” (emphasis added)]; 375 [9] [requiring that omnibuses must be “equipped with one hand fire extinguisher . . . mounted in a place readily accessible for use” (emphasis added)]).
Schoenfeld, J.P., Hunter, Jr. and Ling-Cohan, JJ., concur.