OPINION OF THE COURT
Eugene M. Guarino, J.
On March 30, 2017, the People filed a motion to reargue this court’s decision that the accusatory instrument charging the defendant with Penal Law § 221.10 (2), criminal possession of marihuana in the fifth degree, should be dismissed for facial insufficiency. For the reasons articulated below, the People’s motion to reverse this court’s decision is denied.
The relevant factual allegations of the accusatory instrument read as follows:
“Detective Michael Cohen of 600 [sic] [hereinafter Deponent] states that on May 2, 2016 at about 8:00 pm, inside of 1085 Beach 21 Street, in the County of Queens, he executed a search warrant signed by the Hornorable [sic] Judge Serita of Queens Criminal Court.
“Deponent further states that upon entering the location, he observed the defendant, Rhamel Hood, inside dispatcher’s office.
“Deponent further states that [he] recovered 33 plastic zips of marijuana from under the dispatcher’s desk inside of the dispatcher’s office.
“Deponent further states that the aggregate weight of the marijuana recovered exceed twenty-five grams.
“Deponent further states that his conclusion that the substance recovered is marijuana is based upon his experience as a police officer and in his training in the identification and packaging of controlled substances and marijuana.”
The defendant was given a desk appearance ticket and was arraigned on August 2, 2016. The court file does not include any lab reports concerning the substances recovered.
*880 Discussion
A misdemeanor information serves the same role in a misdemeanor prosecution that an indictment serves in a felony prosecution; it ensures that a legally sufficient case can be made against the defendant. (People v Dumay, 23 NY3d 518 [2014]; People v Alejandro, 70 NY2d 133, 139 [1987].) Accordingly, a misdemeanor information must set forth “nonhearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof.” (People v Kalin, 12 NY3d 225, 228-229 [2009], citing People v Henderson, 92 NY2d 677, 679 [1999], and CPL 100.40 [1] [c].) This is known as the “prima facie case requirement.” (.People v Kalin, 12 NY3d at 229.) A court reviewing for facial insufficiency must subject the allegations in the information to a “fair and not overly restrictive or technical reading” (id. at 230), assume that those allegations are true, and consider all reasonable inferences that may be drawn from them (CPL 100.40, 100.15; People v Jackson, 18 NY3d 738, 747 [2012]; see also People v Casey, 95 NY2d 354, 360 [2000]).
Nevertheless, the factual part of a misdemeanor complaint “must allege facts of an evidentiary character demonstrating reasonable cause to believe the defendant committed the crime charged.” (People v Dumas, 68 NY2d 729, 731 [1986] [internal quotation marks and citation omitted].) Where an accusatory instrument contains conclusory statements that merely track the language of the statute, it is jurisdictionally defective, and must be dismissed as facially insufficient. (See generally People v Dreyden, 15 NY3d 100 [2010].)
As this court previously stated, there appears to be no specific rule regarding the weight requirement for marihuana offenses at the pleading stage. However, “evidence of the weight requirement is [normally] met by the filing of a laboratory analysis which identifies the substance and reports its weight,” although it is not a necessity for facial sufficiency purposes. (People v Dunkley, 192 Misc 2d 305, 306 [Grim Ct, NY County 2002]; see also People v Brown, 22 Misc 3d 1125[A], 2009 NY Slip Op 50279[U], *9 [Nassau Dist Ct 2009] [the prevailing view is that, in the absence of other corroborative proof, i.e., an admission by the defendant or a supporting deposition from one who is actually familiar with the particular substance in question and knows it to be marihuana, a facially sufficient in *881 formation must include either a certified laboratory analysis or a preliminary field test report demonstrated to be reliable].)
The People now contend that the court misapplied the law in holding that the statement “the aggregate weight of the marijuana recovered exceed [sic] twenty-five grams” is conclu-sory, and argue that determining the weight of “something” falls within the realm of ordinary common experience. This court disagrees with the bare assertion that any lay individual can determine the weight of any particular item, in this case, a purportedly illegal substance of marihuana. Were this any particularly ordinary item by which this court could comfortably infer that the lay individual has experience, then the People’s argument would be well-taken; however, this court is unwilling to speculate that the average person on the street would be able to determine the weight of marihuana in grams, let alone 25 grams.
To that end, the court’s decision in People v Jackson is instructive on the difference between specialized knowledge and ordinary, commonsense knowledge. In Jackson, the issue before the Court was whether the allegation that a quantity of marihuana was “open to public view” was too conclusory to establish a prima facie case. (People v Jackson, 18 NY3d 738, 746 [2012].) The crux of the issue, then, was not with regards to the specific facts of the case, but rather, what evidentiary facts are necessary in order to establish the officer’s conclusion that the marihuana was open to public view. In that context, the Court held that “when an allegation involves a conclusion drawn by a police officer that involves the exercise of professional skill or experience, some explanation concerning the basis for that conclusion must be evident from the accusatory instrument.” (Id.) Applying that rule to the facts in Jackson, the Court held that a particular item “open to public view” does not require the “exercise of professional skill or experience on the part of a police officer warranting a specialized explanation” and that “in most cases the basis for such an allegation can be discerned by drawing reasonable inferences from all the facts set forth in the accusatory instrument.” (Id. at 747.) Likewise, determining the weight of illicit substances is a specialized skill that an officer exercises, and not one a lay individual would know. Therefore, as Jackson requires, an accusatory instrument alleging as much must include “some explanation concerning the basis for that conclusion.” This court thus finds that in terms of establishing the weight *882 requirement for pleading purposes, the People cannot merely parrot the language of the statute, but instead must establish additional factual allegations.
Holding otherwise would certainly fly in the face of requiring the factual portion of an accusatory instrument. The People argue that Kalin is inapplicable because the case dealt with the identification of marihuana, and not its weight. While factually dissimilar, the underlying premise of Kalin was that a complaint could not merely allege that a substance recovered was a particular type, but required that “the factual allegations must establish the basis of the arresting officer’s belief that the substance seized was an illegal drug.” (People v Kalin, 12 NY3d 225, 229 [2009].) Therefore, merely asserting that the substance was marihuana was conclusory and thus required a specialized explanation.
This court sees no difference between a bare allegation regarding the identification of a controlled substance and a bare allegation regarding the weight of a controlled substance; both, without more, are conclusory statements that merely track the language of the statute. This court finds that the element of weight, as alleged in the complaint, merely tracks the language of the statute which states, in part, that the possession of marihuana is “of an aggregate weight of more than twenty-five grams” (Penal Law § 221.10 [2]). No supporting documentation was filed along with the complaint that would provide the additional “evidentiary facts” to conclude that the marihuana recovered is indeed in excess of 25 grams. Without more, the bare allegation that the marihuana recovered exceeded 25 grams is conclusory.
The instant accusatory instrument therefore does not provide reasonable cause to believe that the defendant committed the crime of Penal Law § 221.10 (2) as charged. Accordingly, the People’s motion requesting that the court reverse its decision finding that the accusatory instrument is facially insufficient is denied.