The People of the State of New York, Respondent, 
against
Celeste Cobb, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Julio Rodriguez III, J.), rendered November 15, 2016, after a nonjury trial, convicting her of menacing in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Julio Rodriguez III, J.), rendered November 15, 2016, affirmed. 
The accusatory instrument was not jurisdictionally defective. Giving the allegations "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), and "drawing reasonable inferences from all the facts set forth" therein (People v Jackson, 18 NY3d 738, 747 [2012]), the accusatory instrument contains sufficient facts to demonstrate "reasonable cause" to believe (CPL 100.40[4][b]) that defendant was guilty of menacing in the third degree (see Penal Law § 120.15) and harassment in the second degree (see Penal Law § 240.26[1]). Allegations that at a specified date, time and place, defendant "approached [the victim] and threw an unknown liquid into [the victim's] face and left eye, causing redness to his eye [and] blurred vision," supplied defendant with sufficient notice of the charged crimes to satisfy the demands of due process and double jeopardy (see People v Berrezueta, 31 NY3d 1091 [2018]).
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. The evidence established that after the victim repeatedly warned defendant, his estranged wife, to stay away from his apartment, defendant waited outside of his apartment building, confronted him in a hostile manner and sprayed a strongly scented liquid into his face. The court could rationally infer that defendant's conduct was intended to place the victim in fear of "imminent serious physical injury or physical injury" (Penal Law § 120.15; Matter of Denzel F., 44 AD3d 389, 390 [2007]) and to [*2]"harass, annoy or alarm" him (Penal Law § 240.26[1]; see People v Correa, 75 AD3d 478, 479 [2010], lv denied 15 NY3d 892 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: March 18, 2019