People v Ross (2021 NY Slip Op 50174(U))

[*1]

People v Ross (Javell)

2021 NY Slip Op 50174(U) [70 Misc 3d 143(A)]

Decided on March 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2015-2561 W CR

The People of the State of New York,
Respondent,
against
Javell Ross, Appellant. 

Thomas R. Villecco, for appellant.
Westchester County District Attorney (Jill Oziemblewski and William C. Milaccio of counsel),
for respondent.

Appeal from a judgment of the Justice Court of the Village of Port Chester, Westchester
County (Peter F. Sisca, J.), rendered October 8, 2015. The judgment convicted defendant, upon
his plea of guilty, of assault in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant initially was charged in a felony complaint with a single count of robbery in the
third degree (Penal Law § 160.05). Following the conversion of the felony complaint to a
misdemeanor accusatory instrument (see CPL 180.50) via the reduction of the felony
charge to a class A misdemeanor count of assault in the third degree (Penal Law § 120.00
[1]), defendant pleaded guilty to the assault charge.
Defendant claims for the first time on appeal that the accusatory instrument is jurisdictionally
defective with respect to the sole charge to which he pleaded guilty, in that it failed to sufficiently
allege that the complainant suffered a physical injury (see Penal Law §§ 10.00
[9] [defining "physical injury" as "impairment of physical condition or substantial pain"]; 120.00
[1]). Preliminarily, we note that his guilty plea did "not forfeit [] defendant's right to challenge
the facial sufficiency of the accusatory instrument, i.e., to argue that it is jurisdictionally
defective, even if raised for the first time on appeal" (People v Mason, 62 Misc 3d 75, 77 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019], citing People v Konieczny, 2 NY3d 569, 573 [2004]; see People v
Taylor, 65 NY2d 1, 5 [1985]; People v Case, 42 NY2d 98 [*2][1977]). However, defendant's claim is without merit, as the
allegation in the accusatory instrument that defendant punched the complainant "in the face and
head causing him to fall onto the ground" allows for the reasonable inference that defendant
caused the complainant to suffer "substantial pain" (Penal Law § 10.00 [9]; see People v Donovan, 66 Misc 3d
126[A], 2019 NY Slip Op 52022[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2019] ["As with any accusatory instrument, we may adopt all reasonable inferences that may be
drawn from the facts"], citing People v
Jackson, 18 NY3d 738, 747 [2012]).
Defendant's remaining contention lacks merit.
Accordingly, the judgment of conviction is affirmed.
GARGUILO and EMERSON, JJ., concur.
ADAMS, P.J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 4, 2021